STATE OF MARYLAND, use of ALEX. CLEMENTS, *vs.* JOHN VAN LEAR, JR., and others.

An executor appealed from a decree directing him to execute deeds of manumission to certain negroes, and gave an appeal bond to the State, in which he stipulated, in case of affirmance, to pay to each negro the value of his

State, use of Clements, *vs.* Van Lear, *et al.*

freedom for the time it was suspended by the appeal. The decree was affirmed as to some, one of whom, after the deeds were executed, sued upon the bond for the value of his time from the date of the decree to its affirmance. HELD:

That the plaintiff could not recover, because until the deeds of manumission were executed *he was a slave* under the law, being held and claimed as such, and it makes no difference that the State is the obligee in the bond.

In a petition for freedom the recognizance of the master is the negro's security, whilst the master has none except that afforded by sections 25, 26 and 27 of the act of 1796, ch. 67.

A party cannot be required to contract by bond, or otherwise, with a negro whom he claims as his property.

A negro, as long as he is a slave, can have no rights adverse to those of his master; he can neither sue nor be sued, nor make any contract or acquire any rights under a deed which either a court of law or equity can enforce.

Where negroes are held and claimed as slaves they are presumed to be slaves.

APPEAL from the Circuit Court for Washington County.

This was an action of *debt* upon an appeal bond executed by the appellees to the State, reciting an appeal by John Van Lear, Jr., from a decree of Washington county court as a court of equity, requiring him to carry into effect the power conferred upon him by the will of Mary Van Lear, by executing deeds of manumission to certain negroes, including the appellant, Clements. The condition was to prosecute the appeal with effect, and also to pay to the parties, respectively, in whose favor the decree was passed, their executors, &c., in case it should be affirmed, "as well the damage or full value of the freedom and liberty of the said parties" respectively "for the time their freedom shall be suspended by the said appeal, and also all costs," &c.

The plea was *general performance,* and the plaintiff, in his replication, assigned as breaches that the decree appealed from was affirmed with costs as to the plaintiff and all the other negroes except two, as to whom it was reversed, and that Van Lear did not prosecute his appeal with effect, and did not pay the plaintiff the value of his freedom for the time it was suspended by the appeal, nor the costs. To this replication the defendants demurred, which demurrer the court, (PERRY, J.,) sustained and gave judgment for the defendants, from which

the plaintiff appealed. It was admitted that Van Lear paid the costs.

The cause was argued before LE GRAND, C. J., ECCLESTON and TUCK, J.

*Jervis Spencer* for the appellant. There are no defects in the form of this bond. It is as near the language of the act of 1826, ch. 200, sec. 1, as it could be made, and besides the form is not material. 7 *G. & J.,* 258, *Young vs. State. Hurlstone on Bonds,* 5, (9 *Law Lib.,* 3.) If objected to as a statutory bond it would be good at common law, though not in the form prescribed by the statute. 4 *Verm.,* 490, *Phelps vs. Parks.* 8 *Humphreys,* 178, *The Governor vs. Allen.* 3 *McLean,* 310, *Greathouse vs. Dunlap.* 1 *Kelly,* 582, *Stephens vs. Crawford.* 1 *Croke's Rep.,* 355, *Hollingworth vs. Ascue.* It was a voluntary act of the obligors, not in any respect opposed to any public policy and not vitiated by any illegality. *Hurlstone on Bonds,* 11, (9 *Law Lib.,* 5.) The seal alone imports a sufficient consideration; the service of the equitable plaintiff until the appeal was decided was a substantial consideration. The case of *Franklin vs. Waters,* 8 *Gill,* 322, goes upon the ground that there was no contract, express or implied, in that case. Here there is an *express* contract, and besides the bond is given to the *State,* and was properly so given, (1 *G. & J.,* 248, *Kiersted, et al., vs. The State,)* and the suit was properly brought in the name of the State for the use of the party for whose benefit the bond was given. 3 *G. & J.,* 92, *State vs. Dorsey. Ibid.,* 111, *Fridge vs. State, use of Kirk.*

The question argued upon the demurrer was, did the reversal of the decree as to some discharge the condition of the bond as to the parties in whose favor the decree was affirmed? We think not. More than one appeal bond is never required in any case. But many parties may join as complainants in chancery, having "one common interest touching the matter of the bill, although they claim under distinct titles and have independent interests." 4 *Gill,* 263, *Peters vs. Van Lear.*

Suppose the case of several creditors appealing and the appeal affirmed as to all but one. The bond is a perfect security as to each party against whom the appeal was not prosecuted with effect. It is in fact a separate bond to each of the appellees in the chancery suit.

*George Schley* and *Wm. Price* for the appellees. It nowhere appears in the record that the appellant, Clements, was free. No deed of manumission had been executed so far as this record discloses. Such a deed was essential to his freedom and he was *a slave* up to the period of its execution. At the time, therefore, this *appeal bond* was executed, the appellant *was a slave*, and at the time the bond was forfeited he *was a slave*. How then could he contract? How could he sue? The case of *Negro Franklin vs. Waters*, 8 *Gill*, 322, is conclusive against any such right. But it is said the State is the legal plaintiff and the slave but an equitable one. But the act of 1829, ch. 51, in effect makes the latter the *legal plaintiff*. If a slave cannot sue at all, how can he be an equitable plaintiff?

But no appeal bond is required in petitions for freedom, because there is no mutuality in the contract. The master cannot contract with his slave nor the slave with his master. And again, a condition unknown to the act of 1826, ch. 200, has been inserted in the bond, which will be rejected as surplussage. The statute cannot be exceeded. 1 *Brock.*, 177, *Dixon vs. The United States.*

But we further insist that Van Lear did perform the condition of the bond according to its true construction. He prosecuted the appeal *with effect* because he procured a *reversal of the decree* from which the appeal was taken. 2 *G. & J.*, 430, 442, 443, *Karthaus vs. Owings.* 2 *H. & G.*, 71, *Wood vs. Fulton.* 6 *H. & J.*, 134, 138, *Karthaus vs. Owings.*

TUCK, J., delivered the opinion of this court.

This is an action on an appeal bond, executed by the appellees. The *cestui que use* was one of the complainants in the case of *Peters, et al., vs. Van Lear*, reported in 4 *Gill*, 249.

When that cause was remanded to the equity court, in pursuance of the decree of the Court of Appeals, a final decree was passed directing the defendant to execute deeds of manumission, according to Mrs. Van Lear's will. (See *Pearce vs. Van Lear*, *ante*, at this term, for a full statement of the case.) From this decree Van Lear appealed, and gave the bond on which this suit is brought. The costs have been paid; and the question for our consideration is, whether the plaintiff can recover for the value of his time between the date of the decree and the time it was affirmed, in his behalf, by the Court of Appeals?

If Clements had sued at law for his freedom and recovered, and Van Lear had appealed without a bond, such a claim as that now advanced could not have been sustained. *Franklin vs. Waters*, 8 *Gill*, 322. In contemplation of law the petitioner remains a slave until finally discharged. Either party may appeal, but the proceedings on the appeal are merely a continuance of the original cause. The recognizance required of the master is the negro's security, whilst the master has none except that afforded by the 25th, 26th and 27th sections of the act of 1796, ch. 67. It cannot be maintained that one can be required to contract, by bond or otherwise, with a negro whom he claims to be his property. The suggestion is inconsistent with the relations between the parties. The fact that the State is the obligee in this bond does not vary the case, even if an appeal bond to the State for the use of several parties can be enforced—a point that we need not decide. "A negro, so long as he is a slave, can have no rights adverse to those of his master; he can neither sue nor be sued, nor can he make any contract or acquire any rights under a deed which either a court of law or of equity can enforce." *Wicks vs. Chew*, 4 *H. & J.*, 547. And "where they are held and claimed as slaves they are presumed to be slaves." *Hall vs. Mullin*, 5 *H. & J.*, 190. This being the law, it cannot be evaded by preferring the claim in the name of the State for the use of the negro. The decree did not make the parties free. The Court of Appeals, in 4 *Gill*, 249, decided, that the deeds of manumission were an indispensable prerequisite to the assertion of their freedom. As long as the contest continued and the deed

was not executed they were slaves under the law, because held and claimed as such.

Cases of hardship may occur and injustice be the consequence. But such a result in the present case is not more oppressive than withholding compensation for the time, perhaps a number of years, that a petitioner may be held in bondage, before his right to freedom is finally established. Yet no remedy exists in such a case, 8 *Gill,* 322; and we have no authority to grant relief where the law has not secured a right.

For these reasons, expressing no opinion on the other points made by the parties, we think the demurrer was properly ruled with the defendants below, and affirm the judgment.

*Judgment affirmed.*